887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KAL-CEN CORPORATION, a Delaware corporation, Plaintiff-Appellee,
v.
BEZTAK PROPERTIES, INC., a Michigan corporation, Defendant-Appellant.
 No. 89-1057.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity action Beztak Properties, Inc. ("Beztak"), a Delaware corporation, appeals a judgment entered against it by the United States District Court for the Eastern District of Michigan, Southern Division. On September 27, 1988 the district court awarded Kal-Cen Corporation ("Kal-Cen"), a Michigan Corporation, a $100,000 "good faith deposit" pledged by Beztak in connection with a Mortgage Purchase Agreement entered into by the parties. On November 30, 1988 the district court entered an "Order Amending Judgment," which granted Kal-Cen interest on the prior judgment.
 
 
 2
 On August 5, 1986, Kal-Cen and Beztak entered into a Mortgage Purchase Agreement ("Agreement"), whereby Beztak agreed to purchase Kal-Cen's mortgage interest in the Kalamazoo Hilton Center, a hotel and retail establishment in Kalamazoo, Michigan. Paragraph 4 of the Agreement, entitled "Extension and Deposit," required Beztak to evidence its good faith by depositing into escrow an "unconditional irrevocable letter of credit" in the amount of $100,000.
 
 
 3
 On June 5, 1987, Kal-Cen filed suit alleging, inter alia, that Beztak breached the Agreement since the company refused to close and instructed the escrow agent not to deliver the letter of credit to Kal-Cen. Kal-Cen alleged that Beztak had breached the terms of the Agreement which entitled Kal-Cen to a judgment against Beztak for $100,000, attorney fees and the letter of credit held by the escrow agent. One of Beztak's primary arguments, rejected by the district court, was that Beztak made timely objections to the title which disqualified Kal-Cen from receiving the good faith deposit since Kal-Cen did not cure the title defects. On appeal, Beztak's first argument is that the district court erred in finding that Beztak failed to make timely objections to the title.
 
 
 4
 On October 6, 1988, Beztak filed a "Motion for New Trial or, Alternatively, to Amend Findings in Judgment." Beztak argued that Paragraphs 4 and 17 of the Agreement specifically limited Kal-Cen's remedies to collecting on the letter of credit and, therefore, excluded a judgment against Beztak itself. The district court rejected the motion on November 29, 1988, holding that Beztak's actions rendered it impossible for Kal-Cen to comply with the terms of the letter of credit. On appeal, Beztak's second argument is that the district court erred in entering judgment against Beztak since the Agreement provided that the letter of credit was the only remedy in the event of breach.
 
 
 5
 Upon a careful examination of the briefs, arguments, and trial court record, the court is of the opinion that the decision of the district court must be affirmed. We are convinced that District Judge Woods was not clearly erroneous in determining that Beztak had failed to make timely objections to title and that Kal-Cen was not disqualified from asserting a breach of the contract and recovering liquidated damages based upon the $100,000 liquidated damage provision in the contract. Beztak also has failed to demonstrate that the district court erred in holding that, under Michigan law, the performance of a condition in a contract may be made impossible by the wrongdoing of the other party. Further, we conclude that the nature of the transaction clearly indicates that the $100,000 letter of credit was intended to represent the amount of liquidated damages and not the sole source from which these damages could be realized. Since this case is tried before the court on the merits and otherwise addresses issues which, though controverted, were essentially factual disputes, and since we have on review been unable to determine that such findings by the district court were clearly erroneous, it follows that the judgment of the district court must be and it is hereby AFFIRMED.
 
 
 
 *
 Judge Engel assumed senior status effective October 1, 1989